Bogowich, Appellant, v. State Workmen's Insurance Fund, and Henderson Coal Company.

Argued May 4, 1932. ▮

▮ Before Trexler, P.
J., Keller, Gawthrop, Cunningham, Baldrige, Stadt-
feld and Parker, JJ. ▮

*Vernon Hazzard,* for appellant.

*Ralph H. Behney,* and with him *A. L. Edwards,*
Deputy Attorney General and *Wm. A. Schnader,* At-
torney General, for appellees.

Opinion by Gawthrop, J., July 14, 1932:

Appellant filed a claim for compensation for total
disability resulting from an industrial accident. The
case was referred to Referee Johns who heard the
testimony. He having become incapacitated before he
prepared a report, the case was referred to Referee
Baldrige who, after consideration of the testimony
which had been taken before Referee Johns, filed a
report in which he found that claimant, while in the
regular course of his employment with defendant on
December 9, 1929, sustained an accidental injury by
being struck in the head by a lump of coal, and that
he was disabled thereby for a period of three weeks,
and made an award of compensation at $15 per week

for a period of two weeks beginning on the seventh day after the accident. The referee refused to allow claimant's bill of costs on the ground that it was not filed within the required time. Claimant appealed to the board, complaining that the evidence does not support the finding of fact that he was disabled for only three weeks and that errors of law were committed in disallowing the bill of costs and in awarding compensation for only two weeks. The board sustained the complaint as to the disallowance of the bill of costs and directed its payment, but in other respects affirmed the referee's findings, conclusions and award. Claimant then appealed to the common pleas, which sustained the Board in an opinion by President Judge BROWNSON which, in our opinion, fully vindicates the conclusion reached. Claimant has brought this appeal.

One of appellant's contentions is that the findings of fact by Referee Baldrige are not deserving of full credit, because he did not see and hear the witnesses. We adopt the following observation of the court below: "We do not discover anything in the record indicating that any objection was made when, upon the incapacitation of Referee Johns, the case was referred for adjudication to Referee Baldrige; nor any question raised before the board as to the regularity of the proceedings before the latter referee; nor any request made to him that he call any of the witnesses before him, in order that he might see and hear them; nor any request to the board for a hearing de novo. The appeal, then, appears to us to raise no question of law as to regularity of the procedure." Appellant should not be heard to complain of a matter of practice to which he made no objection until after the award was made. See Davis v. Davis, 80 Pa. Superior Ct. 343. The authority for the action of the board in referring the case to a second referee after reference to one referee is found in Section 415 of the Act of June 26, 1919,

P. L. 662, which provides that "at any time before an award or disallowance of compensation or order has been made by a referee to whom a petition has been assigned, the board may order such petition heard before it or may reassign it to any other referee. Unless the board shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the board or substituted referee."

The only other question necessary to be discussed is whether there was evidence to sustain the finding that claimant's disability resulting from the accident lasted but three weeks. We quote again from the opinion of the court below: "There was testimony that claimant reported at the mine for work the next day after his accident, (which happened on December 9, 1929,) and worked for five or six days; that he then became unable to continue at work, and so remained for three weeks, after which he again reported for work, but was told the company had no job for him; that on February 8, 1930, he went to work in a mine of the Hillman Coal & Coke Company, and continued in that employment till three months before the hearing, but was not always able, while with that company to get in a full day's work; that about September, 1930, while working at the Hillman mine, he suffered another industrial accident, and was operated on for hernia; that he had at different times suffered, and at the time of testifying he still suffered, from dizziness and nervousness, and for the last preceding three months he had been unable to work. He sought to have a finding made that his present condition was caused by the accident in the Henderson mine. To this end he called as a witness Dr. H. L. Mitchell, who testified inter alia that he had examined the claimant on December 15, 1930; that he found no focal injury to the brain; that the only objective symptom which he discovered was dizziness, for which no physical cause could be

found, but which, on the basis of the 'history' given to him by the claimant, he attributed to the accident of December 9, 1929. Being asked on cross-examination whether the dizziness could not come from something outside of the head injury, the witness answered:

" 'Well, there is probably a hundred different things that can cause dizziness, but if you link dizziness up with headache and his other general nervous symptoms, and add to that the history of the injury, why the dizziness is just one link in the chain of evidence, because this is a group of symptoms that is classical and typical of injuries to the head, and of course I assume that this man did have an injury to his head.'

"Doctors Wright and Cummings were called for the defense. Dr. Wright, who treated claimant after his injury in the Henderson mine, testified that the injury was a superficial wound, with no evidence of fracture or severe concussion, and that claimant became able to resume regular work. Dr. Cummings testified that he operated for a hernia in September, 1930, (which had no connection with the accident now in question,) and that, aside from the hernia, he was apparently normal, there being no indication of any other condition.

"With testimony such as above outlined and indicated, it is clear that if this were a case on trial in court, it would have to be submitted to the jury, on the question whether there was a disability, subsequent to the three-weeks period, resulting from the injury in question; and, this being so, the refusal of the referee and board to make an affirmative finding upon this question in claimant's favor, is conclusive upon the court."

Whether the testimony is sufficiently credible and convincing to lead properly to a finding of fact in support of which it is presented is a question for final de-

termination by the board: Labuck v. Mill Creek Coal Co., 292 Pa. 284; Ford v. Dick Co., 288 Pa. 140, 151; and Puza v. P. & R. C. & I. Co., 98 Pa. Superior Ct. 139, 143.

The judgment is affirmed.