Wilder *v.* Jones & Laughlin Steel Corporation.

Argued March 5, 1973, before President Judge Bow-
MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*James H. McConomy*, with him *Reed, Smith, Shaw
& McClay*, for appellant.

*Robert K. Stitt, III*, for appellee.

OPINION BY JUDGE KRAMER, April 17, 1973:

This is an appeal from an order of the Court of
Common Pleas of Allegheny County remanding this
case back to the Workmen's Compensation Board
(Board). This matter was commenced on July 17,
1967, by the filing of a claim petition with the Board
by Guy Wilder (Wilder), seeking workmen's compensa-
tion benefits from Jones & Laughlin Steel Corporation

(J&L), his employer, arising out of an alleged accident occurring on February 15, 1967. Wilder's description of his duties on the day of the alleged accident include the cleaning of troughs or runners used in topping slag from molten metals. In his testimony, he stated: "Well, the first monkey [a technical steelworker's term] insisted he didn't need help; he told me to pack my cast and get ready for the next cast. As I stepped up to his runner, I caught myself stepping back—he was still working—I caught myself stepping back so that he could throw the shovel of scrap into the railroad car and I lost my footing and fell." Wilder testified that he was treated at the dispensary of the plant following the accident and that he was in pain through April 25, 1967, which was the last day he worked at the plant. Wilder was the only witness who testified before Referee Rossi. He also testified that he was treated by a Dr. Zeil (sometimes spelled Ziel in the record), but there is no testimony, deposition or other evidence presented by that doctor. By stipulation, the testimony of Dr. Sundry was submitted to the Board by way of deposition. Dr. Sundry first met and examined Wilder on October 24, 1968, some 20 months after the alleged accident. Dr. Sundry's diagnosis was that Wilder had suffered a "lumbosacral strain with musculature involvement." Dr. Sundry stated that he treated Wilder through April of 1969, at which time Wilder returned to some (not clear in the record) form of work. We believe it also important to note that while Wilder refers to witnesses who saw the alleged accident, he produced none. Wilder also testified that he had considerable treatment in the dispensary at the plant, but he produced no evidence of same. There does appear in the record two forms, on J&L stationery, which indicate that Wilder received treatment for the condition of which he complained. However, these forms are dated March 12 and March 15, 1967, and set forth

March 11 and March 12 as the date of original injury. Furthermore, the forms highlight a description of an entirely different incident whereby Wilder declared that his injuries were a result from slipping "over a puddle of water, slipped leg went from under me, twisted my back."

The problem which confronts us in this case, however, is that Referee Rossi, who presided at the only evidentiary hearing in this matter, died before the adjudication was issued. As a result, the Board substituted Referee Fried, who after reviewing Wilder's testimony, the deposition of Dr. Sundry, and the other evidence, made findings of fact and concluded as a matter of law that Wilder had not met his burden of proving that he had sustained an accidental injury compensable under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1, et seq. Wilder offered no objection to Referee Fried's rendering an adjudication. Wilder filed exceptions to the Referee's adjudication, which are general in nature and do not raise any objections to Referee Fried's rendering the adjudication. The Board affirmed and thereafter Wilder took an appeal to the Common Pleas Court of Allegheny County; once again filing exceptions, general in nature. No mention is made by Wilder in the appeal to the court below concerning the rendering of an adjudication by Referee Fried.

The court below, however, in reviewing the record, concluded that the Board could only render its adjudication on the findings of fact made by a referee who saw the witnesses and heard the testimony. It was on this basis that the court below remanded the case back to the Board for a hearing de novo. The court below made this determination although Wilder had not presented that issue at any time in the proceedings.

Normally a remand order is interlocutory, and therefore, not appealable. *See Corbeil v. A & P Stores*, 213 Pa. Superior Ct. 1, 245 A. 2d 864 (1968). However, where the court below has made an error of law and acted improperly in remanding a matter to the Workmen's Compensation Board, the appellant presents to the appellate court a justiciable issue. *See Fesh v. American Steel & Wire Division, United States Steel Corp.*, 4 Pa. Commonwealth Ct. 84, 286 A. 2d 10 (1972); *Rizzo v. Baldwin-Lima-Hamilton Corp.*, 216 Pa. Superior Ct. 96, 259 A. 2d 178 (1969).

There is adequate statutory and case law existing to permit us to conclude that the court below erred in deciding that the Board could not consider the findings of fact of a referee who was substituted for an incapacitated or deceased referee who presided at the evidentiary hearing. Section 415[1] of the Act, 77 P.S. §851 reads as follows: "At any time before an award or disallowance of compensation or order has been made by a referee to whom a petition has been assigned, the board may order such petition heard before it or one or more of its members or may reassign it to any other referee. Unless the board shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the board or substituted referee." Furthermore, it is well recognized that the Board may accept, reject or modify the findings of its referee. In Section 423[2] of the Act, 77 P.S. §854, it is stated: "In any such appeal, the board may disregard the findings of fact of the referee, and may examine the testimony taken before such referee, and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of

---

[1] This section was subsequently amended by the Act of February 8, 1972, P. L.    (Act No. 12).

[2] *Id.*

fact as the evidence taken before the referee and the board, as hereinbefore provided, may, in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require." In the case of *Bogowich v. State Workmen's Insurance Fund*, 105 Pa. Superior Ct. 366, 161 A. 623 (1932), which involves facts very similar to the case at hand, the court succinctly disposes of the issue before us. There the court said: "One of appellant's contentions is that the findings of fact by the Referee Baldridge are not deserving of full credit, because he did not see and hear the witnesses. We adopt the following observation of the court below: 'We do not discover anything in the record indicating that any objection was made when, upon the incapacitation of Referee Johns, the case was referred for adjudication to Referee Baldridge; nor any question raised before the board as to the regularity of the proceedings before the latter referee; nor any request made to him that he call any of the witnesses before him, in order that he might see and hear them; nor any request to the board for a hearing de novo. The appeal, then, appears to us to raise no question of law as to regularity of the proceedings.' Appellant should not be heard to complain of a matter of practice to which he made no objection until after the award was made. See Davis v. Davis, 80 Pa. Superior Ct. 343." 105 Pa. Superior Ct. at 368, 161 A. at 623.

As we have already alluded, in this case, Wilder has raised no objection, formally or informally, to this point in time in these proceedings to the rendering of an adjudication by Referee Fried based upon an evidentiary hearing before the deceased Referee Rossi.

We have read and reread the short record in this case, and we conclude that there was competent, substantial evidence in the record to support the findings

and conclusions of Referee Fried and the Board, and we can find no capricious disregard of competent evidence. *See Rice v. Steiert & Sons, Inc.,* 947 C.D. 1971, 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919 (1973). This conclusion permits us to reverse the order of the court below and to affirm the order of the Board.