King Kup-Schoener Candies, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Florence Ernst, Appellees.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard A. Bausher,* with him *Stevens & Lee,* for appellant.

*Clifford B. LePage, Jr.,* with him *Austin, Speicher, Boland, Connor & Giorgi,* for appellee.

OPINION BY JUDGE WILKINSON, October 29, 1973:

Two issues are presented for decision in this appeal from the order of the Workmen's Compensation Appeal Board. The first relates only to the facts of the instant case—does the record support the findings? The second is of wider import—can a successor-referee who has not heard the testimony or seen the witnesses make findings based on the record prepared by his predecessor-referee?

Claimant-appellee, identified by employer-appellant as a candy packer, suffered a compensable injury to her left hand and wrist on July 15, 1969, while dumping candy from a tray. Under an appropriate agreement, she received compensation until November 3, 1969. A final receipt was executed on November 5, 1969. The disability recurred on October 28, 1970, and a new agreement was executed. On April 14, 1971, appellant-insurance carrier ceased payments. On June 29, 1971, a petition to terminate compensation was filed, alleging disability ceased on April 14, 1971. An answer was filed on July 21, 1971, denying the allegations of the petition and alleging claimant-appellee was unable to return to work until she was in a position to do the "heavy lifting" her work required.

A hearing was held before Referee Tworzydlo on September 10, 1971. Appellant-insurance carrier presented two witnesses: a doctor who testified that claimant-appellee had recovered and should be able to pick up 15 pounds, but he could not say whether she would suffer pain doing so; the plant manager of employer-appellant who testified as to the three jobs that might be available for claimant-appellee and the duties of each.

Claimant-appellee presented her doctor who testified she was 10% disabled and probably should not pick up

over 10 pounds. Claimant-appellee testified that she could do all the work of the jobs identified except dump trays. She testified further that when she returned to work before the recurrence of the disability, she was assigned one of the jobs that were offered, but a "floor lady" made her dump trays regardless of what the duties were said to be.

Following the hearing on September 10, 1971, but before the referee's report was filed, Referee Tworzydlo left his position as referee. This case was then assigned to Referee Perna, who made the findings and entered an award to claimant-appellee based on total disability on February 24, 1972.

Insurance carrier-appellant appealed to the Workmen's Compensation Appeal Board on March 24, 1972, assigning as error the finding of fact that claimant-appellee could not perform her usual work, and the finding that she was totally disabled. The appeal from the referee's decision and order to the Board did not object to the fact that the referee's decision and order were made by the successor-referee who had not heard the witnesses. In the brief filed with the Board, in what would appear to be an effort to persuade the Board to reverse the findings, there was a reference to the fact that the referee did not see or hear the witnesss. This complete reference is here quoted: "Referee Perna did not see or hear the witnesses in this case, and how he could come to the conclusion he did, in the face of all the testimony presented at the hearings, is a mystery." It is significant that the brief did not request that the case be remanded to this referee or to another referee to conduct a new hearing.

At the hearing and argument before the Board, inquiry was made by the Board whether the jobs identified in the record were still available. Counsel for the insurance carrier-appellant agreed to determine this and to report to the Board. It did so by letter, signed

by the plant manager on September 13, 1972, as follows: "[T]he tray dumping job, packing job, or inspection job are available to Mrs. Ernst." A copy of the letter went to counsel for claimant-appellee who wrote the Board, acknowledging receipt of the copy, and including the following paragraph in his letter: "In all fairness to the defendant, it would be our position that Mrs. Ernst's compensation should cease on such date as the defendant is able to show that work not entailing lifting would have been available to her. If, in fact, work involving no lifting would have been available on September 13, 1972, I feel that at the least she should receive compensation from April 14, 1971 until September of 1972. The burden of showing that work involving no lifting was available should have to be met by the defendant-carrier."

The Board, with a very brief opinion and without reference to either the original testimony of the plant manager or his September 13 letter on the key question of whether a position was available, simply stated: "The defendant has failed to meet its burden of proving that other work was available which the claimant was capable of obtaining and, therefore, the claimant will be considered to be totally disabled. . . . We are not convinced by the testimony of the plant manager that a job is available to the claimant which would not require her to lift an excessive amount of trays and also require her to dump the same."

We must reverse. Having received the additional evidence requested, for the Board to find that none of the three jobs identified as available in the letter of September 13, 1972, could be performed by claimant-appellee can be characterized only as a capricious disregard of the evidence. Claimant-appellee herself testified that she could do the packing job, described by her as "weighing out." We reaffirm the clear discussion of the law as to what constitutes capricious disregard of evidence

as set forth by Judge BLATT in *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

The second question with regard to the findings and decisions of the referee who did not hear the testimony or see the witnesses is more difficult. The law in this area was discussed in detail in two recent opinions of this Court by Judge KRAMER, *Wilder v. Jones & Laughlin Steel Corporation,* 8 Pa. Commonwealth Ct. 505, 303 A. 2d 537 (1973), and *Duquesne Brewing Company v. Dyda,* 8 Pa. Commonwealth Ct. 531, 303 A. 2d 541 (1973). The appellant relies on the lower court's decision in *Wilder* as controlling but, unfortunately for appellant's position, our decision subsequently reversed the lower court. These cases are controlling here. However, especially in view of the new importance of the referee's findings as discussed in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), we expressly do not decide what the result would be if one of the parties timely filed objections to a successor-referee who had not seen or heard all the witnesses making findings. Such timely exceptions would, of course, be accompanied by a request that the Board remand to the successor-referee with instructions to hold an additional hearing or hearings.

Accordingly, we enter the following

### ORDER

Now, October 29, 1973, the award of the Workmen's Compensation Appeal Board is modified, and it is hereby ordered that judgment be entered in favor of Florence Ernst and against King Kup-Schoener Candies, Inc. and Pennsylvania Manufacturers' Association Insurance Company for compensation for total disability at the rate of $53.23 per week, beginning April 15, 1971, and continuing up to and including September 13, 1972, including legal interest on deferred payments.