John IZZI, Petitioner

v.

WORKMEN'S COMPENSATION APPEAL BOARD (CENTURY GRAPHICS and Atlantic Mutual Insurance Company), Respondents

Commonwealth Court of Pennsylvania.

Submitted April 29, 1994.

Decided Jan. 19, 1995.

Howard P. Rovner, for petitioner.

Katherine M. Mezzanotte, for respondents.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge.

John Izzi (Claimant) appeals from the October 1, 1993 order of the Workmen's Compensation Appeal Board (Board) denying his petition seeking reconsideration of the Board's June 2, 1993 order which affirmed the referee's decision to deny his claim petition pursuant to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. The issue before this Court is whether the Board erred in denying Claimant's petition for reconsideration.[1]

## I.

Claimant was employed as a pressman with Century Graphics (Employer) and filed a claim petition alleging that he was totally disabled as a result of injuring his lower back while lifting 300–400 pound boxes of paper at work on May 27, 1988. At hearings before Referee Inez G. Lundy, Claimant and a co-worker testified concerning the work injury, and Claimant presented deposition testimony from his treating physician, John DeCarlo, M.D.; a board-certified orthopedic surgeon, Seymour Shlochik, M.D.; and a psychologist, Barry L. Kayes, Ph.D.

Dr. DeCarlo diagnosed Claimant as suffering a post-traumatic chronic lumbosacral strain and sprain with underlying osteoarthritis. He opined that Claimant is not capable of returning to work due to the work-related injury he suffered on May 27, 1988. Dr. Shlochik diagnosed Claimant's condition as "acute sprain or a partial tearing of the musculoligamentous structures supporting the lumbosacral spine with principle [sic] involvement of the interspinous ligament between L5 and S1 and the left sacrospinalis muscle." He indicated that Claimant was unable to return to work as a pressman and that Claimant's disability was caused by his work-related injury. Dr. Kayes testified that Claimant suffers psychological factors affecting his physical condition and opined that his emotional agitation and associated symptoms, combined with his lack of education, render him unemployable.

Employer presented the testimony of its president, Andy Kalman who testified, in part, that Claimant's duties do not require him to lift heavy boxes, Claimant repeatedly requested lay-off status prior to the alleged work-related incident, and Claimant complained about back pain. Employer presented the deposition testimony of a board-certified orthopedic surgeon, Easwaran Bala,

1. This case was reassigned to the authoring judge on November 9, 1994.

M.D., and a psychiatrist, Wolfram Rieger, M.D. Dr. Bala testified that he examined Claimant on January 12, 1989 and determined that while Claimant sustained a lumbar strain, there was no objective evidence of any residual from the injury, noted that Claimant did not appear to be in pain, and opined that Claimant could return to work without restrictions. Dr. Rieger examined Claimant on December 19, 1990 and opined that Claimant did not sustain a psychiatric injury as a result of the work injury and could return to his prior job or other gainful employment without restriction or limitation.

Before a decision was rendered, Claimant's counsel received notice that the case was being transferred to Referee Irvin Stander and that counsel could respond to the notice if Claimant objected to the transfer. Claimant did not object to the transfer of his case to Referee Stander. Thereafter, Referee Alexander Hamer Jr. issued a decision which found the testimony of Employer's experts more credible than the testimony of Claimant's experts, concluded that Claimant failed to meet his burden to establish that he sustained a work-related injury, and denied the claim petition. On appeal to the Board, Claimant challenged the reassignment of his case to Referee Hamer and argued that the referee's decision was not based upon substantial evidence and included errors of law. The Board determined that Referee Hamer's decision was based upon substantial evidence, affirmed the referee's order, and dismissed Claimant's appeal.

Claimant filed a petition for reconsideration based upon the Board's failure to consider Claimant's argument that his case was improperly decided by Referee Hamer. Specifically, Claimant argued that he was not afforded notice that Referee Hamer was to decide the case nor an opportunity to object, and requested a remand for a hearing or a new decision.[2] The Board noted that Claimant argued this point in his appeal from the referee's decision, stated that it considered and rejected the argument, and denied Claimant's petition for reconsideration.

■ In the instant appeal, Claimant argues that the Board erred in denying his petition for reconsideration because he suffered prejudice as a result of the failure of the Bureau of Workers' Compensation to afford him an opportunity to object to the second reassignment. He contends that he would have objected had he been given an opportunity to do so because Referee Hamer was new and inexperienced, did not consider the substantial and extensive evidence as a whole, and did not award benefits as Referee Stander would have properly done. Claimant further argues that the Board erred in affirming the referee because his decision was not supported by substantial evidence in the record, the referee did not properly consider the evidence, and he failed to give greater validity to the testimony of Claimant's treating physician.[3]

## II.

■ The Board has broad discretion to grant a petition for rehearing pursuant to Section 426 of the Act, 77 P.S. § 871. *Golovich v. Workmen's Compensation Appeal*

---

**2.** Although Claimant's petition is entitled "Petition for Reconsideration" and not "Petition for Rehearing," it will be treated as a petition for rehearing because Claimant specifically requested that the case be remanded for further hearing and consideration. *Cf. Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 138 Pa.Commonwealth Ct. 449, 588 A.2d 116 (1991) (the request of claimant's counsel for a remand in a letter supported by after-discovered evidence was considered the equivalent of a rehearing petition).

**3.** Claimant technically failed to comply with Pa. R.A.P. 2111(a)(3) and 2116(a) because his brief does not contain a statement of questions presented. Regardless, this Court will exercise its discretion and consider the issue raised regard-

ing referee substitution as it was raised before the Board and both parties addressed the arguments in their briefs. *See Sun Oil Co. v. Workmen's Compensation Appeal Board (Thompson)*, 158 Pa.Commonwealth Ct. 434, 631 A.2d 1084 (1993) (this Court exercised its discretion and did not dismiss an issue raised in the employer's brief which was not included in its statement of questions presented because the brief provided ample notice of the nature of employer's arguments); *compare Lucarelli v. Workmen's Compensation Appeal Board (Emerson Elec.) v. Allied Chemical Corp.*, 119 Pa.Commonwealth Ct. 72, 546 A.2d 151 (1988) (the claimant's appeal was quashed for failure to comply with the mandatory language of Rule 2116(a)).

*Board (Koenig, Inc.)*, 166 Pa.Commonwealth Ct. 190, 646 A.2d 75, *appeal denied,* — Pa. ——, 652 A.2d 1327 (No. 433 M.D.Alloc.Dkt.1994, filed December 13, 1994); *Chadwick v. Workmen's Compensation Appeal Board (Benjamin Franklin Hotel)*, 132 Pa.Commonwealth Ct. 525, 573 A.2d 652, *appeal denied,* 527 Pa. 604, 589 A.2d 694 (1990). A Board's decision to grant or deny a request for a rehearing will be reversed only when the Board has abused that discretion. *Dominijinni v. Workmen's Compensation Appeal Board (DeCarlo)*, 135 Pa.Commonwealth Ct. 204, 581 A.2d 245 (1990); *Hawkey v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 379, 425 A.2d 40 (1981).

■ Nonetheless, the Board must grant rehearing to develop a full and complete record when justice requires. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). This Court has determined that the Board did not abuse its discretion in granting rehearing where a party has been denied an opportunity to present his or her case, *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board*, 13 Pa.Commonwealth Ct. 357, 318 A.2d 385 (1974); or to "correct a mistake of law or its misapprehension of an issue." *Babcock & Wilcox Constr. Co., Inc. v. St. John*, 48 Pa.Commonwealth Ct. 1, 4, 408 A.2d 915, 916 (1979).

■ Further, the Bureau is authorized to substitute one referee for another in a workers' compensation proceeding pursuant to Section 415 of the Act, 77 P.S. § 851. *See Arena v. Packaging Sys. Corp.*, 510 Pa. 34, 507 A.2d 18 (1986). However, according to Bureau rules, it must provide notice and an opportunity for the parties to object before a reassignment can occur. 34 Pa.Code § 131.22 provides:

(a) If the transfer of the case is agreed to by the Bureau, the parties and the referee, the Bureau will promptly reassign the case or petition. Notice of reassignment will be given to all parties.

(b) transfer or reassignment under subsection (a) will take place prior to the date of the first hearing unless circumstances dictate otherwise.

In *Biagini v. Workmen's Compensation Appeal Board (Merit Contracting Co.)*, 158 Pa.Commonwealth Ct. 648, 632 A.2d 956 (1993), this Court avoided the issue of whether a claimant's due process rights to a fair hearing were violated when the Bureau fails to notify parties of the substitution of a fact-finding referee and to provide the parties an opportunity to object. The Court instead determined that the claimant did not preserve the issue for consideration on appeal because he failed in his appeal to the Board to set forth the basis for a constitutional, statutory or regulatory violation and failed in his appeal to this Court to state in what manner his due process rights were diminished.

■ In the matter sub judice, the Bureau notified Claimant's counsel that his petition was being reassigned from Referee Lundy to Referee Stander and afforded Claimant an opportunity to respond if he had an objection to that reassignment. The Bureau's act of providing notice and an opportunity to object to this reassignment demonstrates that the Bureau recognized its duty to provide notice of reassignment and an opportunity for objection and belies any argument that the Bureau's rules do not require such action. Moreover, unlike the facts in *Biagini*, the Board acknowledged in its decision to deny rehearing that Claimant requested a remand and raised at oral argument the issue of the Bureau's failure to notify Claimant of the second reassignment and to provide an opportunity to object to that substitution. *See also Wilder v. Jones & Laughlin Steel Corp.*, 8 Pa.Commonwealth Ct. 505, 303 A.2d 537 (1973) (citing *Bogowich v. State Workmen's Insurance Fund*, 105 Pa.Superior Ct. 366, 161 A. 623 (1932)) (any question of law as to the legality of a substitute referee's rendering an adjudication must be raised before the Board).

The Bureau's failure to follow its rules and procedures precluded Claimant from raising his objections to the second referee substitution in accordance with the law. Thus the administration of justice requires reversal of the Board's order denying Claimant's petition for reconsideration and a remand of this

matter so that Claimant may be afforded an opportunity to present whatever evidence he possesses to establish prejudice by the Bureau's failure to give notice of the second reassignment. The Board's statements in its October 1, 1993 opinion that it rejected Claimant's arguments and that Claimant failed to allege "any prejudice" as a consequence of the second reassignment are mere dictum since the Board refused to afford Claimant an opportunity for hearing to present a basis for his objections and the Board made no findings or analysis regarding the prejudice issue.[4]

Accordingly, the Board's October 1, 1993 order is reversed and this case is remanded to the Board with directions to allow Claimant an opportunity for hearing to establish that he suffered prejudice as a result of the second reassignment of his claim petition. Thereafter the Board shall consider whether the Bureau's failure to follow its rules caused prejudice to Claimant and if so, direct the appropriate remedy as warranted under the circumstances.[5]

## ORDER

AND NOW, this 19th day of January, 1995, the order of the Workmen's Compensation Appeal Board dated October 1, 1993 is reversed and this case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

FRIEDMAN, J., files a dissenting opinion.

**4.** *See Rice v. Workmen's Compensation Appeal Board (Rockwell Int'l Corp./Spring Div.),* 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991) (where Board denied petition for rehearing but summarily addressed the merits of the claimant's arguments without a detailed analysis of why the arguments had no merit, the statement addressing the merits is dictum and the matter must be remanded for further consideration).

**5.** In their briefs, Claimant and Employer argue at length about the soundness of the Board's June 2, 1993 order. This Court will not address those arguments because no appeal was taken from that order.

**1.** That section provides in pertinent part:

The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made

FRIEDMAN, Judge, dissenting.

The Workmen's Compensation Appeal Board (Board) has broad discretion to grant or deny a rehearing pursuant to section 426 of the Act, 77 P.S. § 871,[1] but is mandated to grant rehearing *when justice requires.* *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988); *Chadwick v. Workmen's Compensation Appeal Board (Benjamin Franklin Hotel),* 132 Pa.Commonwealth Ct. 525, 573 A.2d 652 (1990), *appeal denied,* 527 Pa. 604, 589 A.2d 694 (1990). Here, the Majority concludes that the administration of justice mandates reversal of the Board's order denying Claimant's petition for reconsideration where "[t]he Bureau's failure to follow its rules and procedures precluded Claimant from raising his objections to the second referee substitution in accordance with the law." (Majority op. at 179.) I would disagree that justice requires a rehearing under the circumstances here; rather, I believe that the Bureau's failure to notify Claimant of the reassignment of Referee Hamer amounted to harmless error. Accordingly, I respectfully dissent.

The Board denied Claimant's request for reconsideration because Claimant had failed to show any prejudice as a consequence of the assignment of his case from Referee Stander to Referee Hamer.[2] Claimant contends that this was error, arguing that he suffered great prejudice as a result of the reassignment of his claim without notice.

an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee. . . .
77 P.S. § 871.

**2.** Reassignment of a claimant's case from one referee to another is authorized by section 415 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 851, which provides:

At any time before an award or disallowance of compensation or order has been made by a referee to whom a petition has been assigned, the department may order such petition heard before any other referee. Unless the department shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the substituted referee.

Claimant notes that he had no objection to the transfer of his case from Referee Lundy to Referee Stander because Referee Stander had years of experience and was known as an authority in the field of Workmen's Compensation Law; however, Claimant argues that the same cannot be said of Referee Hamer. Rather, Claimant "contends that he would have objected had he been given an opportunity to do so because Referee Hamer was new and inexperienced, did not consider the substantial and extensive evidence as a whole, and did not award benefits as Referee Stander would have properly done."[3] (Majority op. at 178.) Although, like the Majority, I recognize that the rule set forth in 34 Pa.Code § 321.22 clearly provides for notice of reassignment to the parties, I cannot agree that it guarantees a claimant the right to reject a reassigned referee without just cause. Thus, where, as here, Claimant's objections lack legitimacy, the failure to notify him of the reassignment cannot qualify as cause requiring rehearing in the interests of justice.

Unlike the Majority, I believe that *Biagini v. Workmen's Compensation Appeal Board (Merit Contracting Co.)*, 158 Pa.Commonwealth Ct. 648, 632 A.2d 956 (1993), offers considerable guidance in this matter. In *Biagini*, the claimant argued that his due process rights were violated by the substitution of one referee for another where the failure to notify him of the substitution deprived him of an opportunity to voice any objection to it. With regard to this issue,[4] we noted that although the claimant specifically raised the matter of the Bureau's sub-

stitution of referees before the Board, he did not use that opportunity to reveal any of his objections to the substitution.[5] We then stated:

> Likewise, Claimant, in his appeal to this Court, . . . fails to delineate in what manner his due process rights have been diminished by the substitution. All Claimant notes to this Court is the mere lack of opportunity to raise objections without indicating what specific objections he would have raised. Stated another way, Claimant has failed to assert that the result would have been different absent the substitution.
>
> It is not our function as an appellate court to decide questions in the abstract. Our function is to examine actual issues and controversies and determine their merit.

*Id.* at 653, 632 A.2d at 958.

Because the claimant in *Biagini* did not let us know the nature of the objections he would have raised to the referee substitution, we could not determine whether the failure to notify him of the reassignment violated his due process rights. There is nothing to prevent such a determination here, however.

Unlike the situation in *Biagini*, here Claimant does relate his specific objections to the substitution of Referee Hamer, asserting that had Referee Stander, or any other referee, decided the case, the decision would have been different than the one rendered by Referee Hamer. Claimant bases his assertion solely on Referee Hamer's lack of experience. Because a claimant does not have a due process right to a "seasoned" referee,

---

3. Claimant may contend that, had he been given the opportunity, he would have objected to the reassignment of Referee Hamer on these three bases; however, I would note that prior to Referee Hamer actually rendering a decision, Claimant could not possibly have objected to the reassignment on any but the first of these grounds.

4. The claimant in *Biagini* also claimed that his due process was violated where the substituted referee issued the decision and order even though the original referee, who observed the live witnesses testifying at the hearings, had a greater opportunity to assess witness credibility. As to this issue, we recognized that section 415 of the Act specifically authorized the Bureau of Worker's Compensation to substitute one referee

for another in a workmen's compensation proceeding. Additionally, we noted that our Supreme Court, in *Arena v. Packaging Systems Corp.*, 510 Pa. 34, 507 A.2d 18 (1986), upheld the Bureau's right to reassign a case from one referee to another even though the subsequent referee did not hear evidence in the case, and concluded that, on review, the substitute referee should be accorded the same deference as the original referee.

5. We noted that Claimant did not assert even the most common objection to a substitution of one referee for another; that is, that the substituted referee has a bias or prejudice as to one of the parties which may entitle said party to a recusal of the referee. *See Biagini.*

these are not grounds upon which a rehearing can be justified. Thus, even granting that Claimant was entitled to notice before a third referee was assigned to his case, I believe that failure to provide this notice was harmless error where Claimant has raised no claim of bias or other legitimate objection to the second substitution.[6]

I also take issue with the Majority's contention that under *Rice v. Workmen's Compensation Appeal Board (Rockwell Int'l Corp./Spring Div.,* 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991), we must remand to afford Claimant an opportunity to present evidence establishing prejudice because of the Bureau's failure to notify him of the second reassignment. In *Rice,* a claimant appealed from a Board order denying her petition for rehearing on the basis that it lacked jurisdiction. In the order, however, the Board stated that if it had been able to act on the petition, it would have denied a rehearing. We reversed and remanded. After determining that the Board did have jurisdiction, we concluded that a remand was necessary in spite of the Board's statement that it would have denied the petition on the merits. We stated:

> Because of its disposition on the jurisdictional issue, however, we must view its statement as dictum. Moreover, it engaged in no detailed analysis of why the petition should be denied.

*Id.* at 559–60, 588 A.2d at 1014. (Emphasis added.) Thus, we reasoned that once the Board had determined that it could not consider the petition, any attempt to do so was merely dictum. Here, however, the Board did not question its jurisdiction and based its denial upon a consideration of the merits of Claimant's request for reconsideration.

Moreover, in *Rice,* we determined that remand was necessary to reconsider the merits of the rehearing petition where the Board omitted an analysis of the denial. However, in that case, the basis alleged for the grant of rehearing was that the claimant's counsel was incompetent and/or negligent in presenting her case to the referee. We have previously determined that a party demonstrated cause shown for reconsideration where there had been ineffective assistance of counsel, *Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority and Hartford Insurance Group),* 114 Pa.Commonwealth Ct. 333, 538 A.2d 661 (1988); therefore, the claimant in *Rice* presented a valid basis for a rehearing. Under these circumstances, the Board needed to hear and consider whatever evidence she possessed to prove that justice required a rehearing in her case. By contrast, the basis upon which Claimant seeks reconsideration does not warrant the same treatment.

The grant or denial of a rehearing is left to the discretion of the Board, and we will not disturb their decision absent a clear abuse of discretion. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking),* 116 Pa.Commonwealth Ct. 172, 541 A.2d 60 (1988). Because I believe that Claimant had a full opportunity to present competent evidence on the merits of his case and the basis for his request for reconsideration was groundless, I would conclude that the Board did not abuse its discretion in denying Claimant's petition for reconsideration, and I would affirm its order.

---

**6.** Claimant was notified of the first reassignment and raised no objection; therefore, it is apparent that he had no objection to a substitute referee per se. Rather, Claimant specifically objects to the substitution of Referee Hamer for Referee Stander because of the former's lack of experience. On these grounds, I do not believe that Claimant can claim, much less prove, that his case has been prejudiced; indeed, I believe that the only valid basis for a party to object to having a particular individual assigned to act as referee in a case would be on grounds of that referee's personal bias or prejudice.