Marinho, Appellant, v. Glen Alden Coal Co.

Argued March 7, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, and JAMES, JJ.

*E. C. Marianelli,* and with him *Harry Unger,* for appellant.

*J. H. Oliver,* and with him *Franklin B. Gelder,* for appellee.

OPINION BY STADTFELD, J., April 17, 1933:

This is a Workmen's Compensation case, filed on behalf of Rosa DeLima Pereira Marinho and her two minor children, on account of the death of her husband, Americo Rodrigues Marinho, on January 5, 1929 while employed by the Glen Alden Coal Company in the underground workings of one of its collieries.

The claim petition was originally filed on December

31, 1929, through J. J. deMacedo, Vice-Consul of Portugal, with offices at Philadelphia, Pennsylvania, on behalf of said alien dependents.

The case was referred to the referee and the time was set for hearing for March 19, 1930. At the appointed time neither the widow nor her Consular representative, appeared in person, while the employer was represented by its attorney. Thereupon, on March 21, 1930, the claimant's petition was dismissed by the referee.

Thereafter, claimant constituted John Simoes Amaro her attorney-in-fact who, through counsel, on February 25, 1931 filed a petition for rehearing. The Glen Alden Coal Company filed an answer to said petition on March 9, 1931. On April 8, 1931, the board granted a rehearing and referred the claim back to the referee. On May 15, 1931, the referee made certain findings of fact and dismissed the petition. Thereupon, an appeal was taken to the Workmen's Compensation Board, and on January 11, 1932, said board reversed the referee's findings of fact and conclusions of law, and awarded compensation to the widow and the dependent children. The Glen Alden Coal Company filed an appeal from said award in the court of common pleas of Lackawanna County and assigned in support of said appeal twenty-nine specific exceptions to the actions and rulings of the board. The exceptions assigned in support of said appeal relate to the actions of the board in connection with alleged violation of law by the deceased at the time of the accident; with the action of the board in finding the dependency of the claimants; with the action of the board in connection with the legality of the power of attorney and with the setting aside of the referee's findings of fact and conclusions of law, and in awarding compensation.

After argument, the court, in an opinion by LEACH,

J., sustained the appeal of the defendant and entered judgment in its favor, upon the specific ground that said order of the board, granting the rehearing, was made more than two years after the cause of action arose, and more than one year after the first petition was dismissed.

The court below did not pass upon or decide any of the exceptions assigned by the Glen Alden Coal Company in support of its appeal.

From the judgment of the court below in entering judgment in favor of defendant this appeal is taken by claimant.

The court, in sustaining said appeal relied upon the case of Dolan v. Commonwealth, which was decided by this court on July 14, 1932, and involved the interpretation of Section 8 of the Act of April 13, 1927, P. L. 186. We there held that the board does not, under the provisions of the Act, have any power to grant a rehearing more than one year after it has sustained or reversed any action of the referee. An examination of that case will show that the court below misinterpreted our decision. In that case the disallowance of the claim by the referee was filed on November 15, 1927, and the order of disallowance upon appeal to the Workmen's Compensation Board was affirmed on June 13, 1928. No further appeal was taken, and the petition for a rehearing was filed on February 28, 1931, over two years and eight months after the decision of the Board.

In our opinion in that case, 106 Pa. Superior Ct. 74, on page 78, we said: "The purpose and object to be accomplished by Section 8 of the Act of April 13, 1927, are obvious. The amendment of Section 426 of the Workmen's Compensation Law was intended to impose a definite limitation upon the time within which the Workmen's Compensation Board should have au-

thority to *consider* a petition for a rehearing." (Italics ours).

In the instant case the petition for a rehearing was filed within the year, as provided in the Act of Assembly, but no action was taken upon it until after the year had expired. Where the claimant acts within the year he has done all that he can do, and his right to relief should not be defeated because the board fails to act within the year. This would make his right to relief dependent upon the speed or dilatoriness of the board. The filing of the petition within the year tolls the running of the statutory limitation just as the filing of an original claim petition within the year protects the claimant. Vitkovic v. Pennsylvania Clay Co., 278 Pa. 474; Garvin v. Diamond Coal and Coke Co., 278 Pa. 469; Kopecky v. Coalmont Coal Co., 278 Pa. 478.

The general rule upon this subject is well stated in 37 C. J. 1051, Section 473, as follows: "Where legal proceedings are commenced to enforce a right before the statute has run against it, no lapse of time after the commencement of such proceeding will operate as a bar to the enforcement of that right. The statute does not require that the action shall be prosecuted to a finality within the stated period, and the fact that trial is not had, or judgment in the action is not entered until the period of limitation has expired, will not alter the rule. The pendency of the suit operates to suspend the statute as to all parties thereto so far as the subject matter of the suit is concerned."

In the instant case, not only was the petition filed within the year, but likewise the answer, so that the issue was fully framed before the board within the statutory period.

The assignments of error are sustained, the judgment of the court below reversed and the record is re-

mitted so that the court may pass upon the specific exceptions filed by defendant to the findings of fact, conclusions of law and award by the Workmen's Compensation Board to the claimant.