588 A.2d 1011

**Catherine RICE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ROCKWELL INTERNATIONAL CORP./SPRING DIVISION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1990.

Decided March 26, 1991.

556

William G. Cohen, New Castle, for petitioner.

Joseph A. Fricker, Jr., Fricker & Associates, Pittsburgh, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, PELLEGRINI, KELLEY and BYER, JJ.

DOYLE, Judge.

This is an appeal by Catherine Rice (Claimant) from an order of the Workmen's Compensation Appeal Board which denied Claimant's petition for rehearing filed pursuant to Section 426 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 871. That Section pertinently provides that the Board may grant a rehearing:

> [O]f any petition upon which the board has made an award or disallowance of compensation or other order or

ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee.

In the instant case the Board had previously entered an order on August 14, 1987 affirming a referee's decision denying Claimant benefits. That would have given the Board until February 14, 1989 in which to enter an order granting a rehearing if the eighteen-month period is viewed as an absolute bar on the Board's power regardless of when a petition for rehearing is filed. In this case Claimant did not petition for rehearing until February 10, 1989. Hence, as a practical matter, the Board did not really have an opportunity to enter an order on the petition before the eighteen-month period lapsed. The Board ultimately denied the petition for rehearing on April 27, 1989 but on the basis that it lacked jurisdiction to enter an order granting a rehearing. It also stated in its order, however, that even if it had been able to act upon the petition before the eighteen months had lapsed, it would, nonetheless, have denied a rehearing.

 The preliminary question we must address is whether Section 426 jurisdictionally precludes the Board from granting a rehearing after the eighteen-month period has lapsed in a situation such as this where the petition for rehearing is filed *within* eighteen months. Claimant did not address this issue in her initial brief filed with this Court, nor was it mentioned in her petition for review. Employer made a waiver argument in its brief. Claimant then sought leave to amend her petition for review to include the time limitation issue. Thereafter, on August 21, 1990, we requested that supplemental briefs be filed on this issue and invited the Board to file an amicus brief, which it declined to do. We then denied Claimant's request to amend her petition for review in an order dated September 12, 1990. We do not agree, however, that the issue has been waived, either by Claimant's failure to include it in her

petition for review or by our denial of leave to amend the petition since this issue goes to the question of the time in which the Board must act and is subject matter jurisdictional in nature. Questions involving subject matter jurisdiction may be raised at any time, even *sua sponte,* by the Court. *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa.Commonwealth Ct. 592, 495 A.2d 213 (1985).

Having concluded that the jurisdictional issue is properly before us, we now move to a consideration of that issue on the merits. We note that the case law is not consistent. Some authority holds that as long as the claimant files the petition within eighteen months, the Board may act. The rationale for this position was well expressed in *Marinho v. Glen Alden Coal Co.,* 108 Pa.Superior Ct. 560, 564, 165 A. 506, 507 (1933), where the Court opined:

> Where the Claimant acts within the year [1] he has done all that he can do, and his right to relief should not be defeated because the board fails to act within the year. This would make his right to relief dependent upon the speed or dilatoriness of the board. The filing of the petition within the year tolls the running of the statutory limitation. . . .

*Accord Roberts v. Jones & Laughlin Steel Corp.,* 159 Pa.Superior Ct. 472, 48 A.2d 91 (1946); *Overmiller v. D.E. Horn & Co., Inc.,* 191 Pa.Superior Ct. 562, 159 A.2d 245 (1960); *Johnson v. Workmen's Compensation Appeal Board,* 14 Pa.Commonwealth Ct. 220, 321 A.2d 728 (1974).

Other cases, however, have indicated that Section 426 must be read literally, and that regardless of when the petition for rehearing is filed the Board must grant or deny it within the eighteen-month (or for older cases the twelve-month) period. Those cases have read the words of Section 426, "but such rehearing shall not be granted more than eighteen months after the board has made such award" literally. *See e.g., Dolan v. Commonwealth,* 106 Pa.Superior Ct. 74, 161 A. 763 (1932); *Lieberman v. Sunray Drug*

---

1. At the time of the *Marinho* decision the statute contained a one-year rather than an eighteen-month limitation.

*Co.,* 204 Pa.Superior Ct. 348, 204 A.2d 783 (1964), *cert. denied,* 382 U.S. 819, 86 S.Ct. 43, 15 L.Ed.2d 65 (1965); *Boyce v. Workmen's Compensation Appeal Board (Penn State Services),* 91 Pa.Commonwealth Ct. 389, 497 A.2d 280 (1985); *Argonaut Insurance Co. v. Workmen's Compensation Appeal Board (Krajovic),* 94 Pa.Commonwealth Ct. 604, 504 A.2d 410 (1986).

After reviewing these two lines of cases, we conclude that the view expressed in *Marinho* is the better one. We, thus, reject the reasoning in *Dolan* and *Lieberman* as well as the dicta in *Boyce* and *Argonaut.* We do so for two reasons. First, the humanitarian purposes of the Act, *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa.Commonwealth Ct. 405, 379 A.2d 908 (1977), must be borne in mind. Second, we have, in other areas of the law, indicated that statutes which seek to impose time limitations on tribunals during which they must render decisions are directory only. *See e.g., West Penn Power Co. v. Pennsylvania Public Utility Commission,* 104 Pa.Commonwealth Ct. 21, 521 A.2d 75 (1987). We believe that this interpretation of the law is the more sound and should prevail.[2]

█ Having disposed of the preliminary issue, we now move to the question of whether a rehearing should be granted in this case.[3] As we noted previously, the Board indicated that it would have denied the petition on the merits. Because of its disposition on the jurisdictional issue, however, we must view its statement as dictum.

2. We wish to emphasize, however, that other factors may work to cut off the Board's power to grant rehearing. For example, assume an appeal from the initial determination of the referee is taken to the Board and then to this Court. If this Court renders a decision on the merits, that order is *final* even if a petition for rehearing has been filed with the Board. Our final order would thus operate to cut off the Board's power to grant a rehearing even if the rehearing petition were timely filed. To hold otherwise would, in essence, allow the Board to reverse an order of this Court. Such a result would be inauspicious for sound principles of procedure.

3. The basis alleged for the grant of rehearing is that Claimant's original counsel was incompetent and/or negligent in presenting her case to the referee.

Moreover, it engaged in no detailed analysis of why the petition should be denied. Accordingly, we shall remand the case to the Board for it to consider anew the petition for rehearing under the standard set forth in *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). It need not feel bound by its previous dictum.

Reversed and remanded.

## ORDER

NOW, March 26, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and this case is remanded to the Board for it to consider again whether it should grant the petition for rehearing.

Jurisdiction relinquished.