612 A.2d 570

**William W. JONES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MIDLAND–ROSS CORPORATION), Respondent.**

**Dolphus J. FRIESON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MIDLAND–ROSS CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 1992.

Decided June 24, 1992.

Thomas W. Kuster, for petitioners.

W. Allen Dill, for respondent.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

These consolidated cases are appeals from the denial by the Workmen's Compensation Appeal Board (board) of claimants' requests for rehearings pursuant to section 426 of The Pennsylvania Workmen's Compensation Act (Act).[1]

William W. Jones and Dolphus J. Frieson (claimants) filed hearing loss claims pursuant to section 306(c) of the Act, 77 P.S. § 513 on January 30, 1985 and May 5, 1986, respectively. At separate hearings before a referee, claimants presented the deposition testimony of John T. Balko, M.A., a certified and licensed audiologist. Midland–Ross Corporation (employer) presented deposition testimony of Ralph J. Caperosa, M.D.

In both cases, Mr. Balko opined that claimants had suffered a total loss of hearing for all practical intents and purposes and that the loss was caused by claimants' employment. The referee specifically declined to accept the testimony of Dr. Caperosa, finding it unpersuasive and not credible. Nonetheless, the referee denied benefits, concluding that the testimony of an audiologist, standing alone, was insufficient to establish employment-related hearing loss, citing *Pare v. Workmen's Compensation Appeal Board (F.S. James & Co., Inc.)*, 97 Pa.Commonwealth Ct. 435, 509 A.2d 1361 (1986), *petition for allowance of appeal denied,* 514 Pa. 622, 521 A.2d 935 (1987).[2]

On November 30, 1989, the board affirmed the referee in both cases. Claimants then appealed separately to this court, which affirmed the board in separate memorandum opinions.[3] On June 4, 1991, claimants filed petitions for rehearing before

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 871.

2. In No. 1948 C.D.1991, the referee found that claimant Jones had shown a hearing loss for all practical intents and purposes, but had presented insufficient testimony to establish causation. In No. 1949 C.D.1991, the referee found that claimant Frieson had shown some hearing loss, but concluded that claimant had not presented sufficient competent evidence to establish the degree of the loss and its causation. In addition, the referee found that claimant Frieson had failed to give notice as required by section 311 of the Act, 77 P.S. § 631.

3. *Frieson v. Workmen's Compensation Appeal Board (Midland–Ross Corporation)*, No. 10 C.D.1990, filed, August 16, 1990, and *Jones v. Workmen's Compensation Appeal Board (Midland–Ross Corporation)*, No. 11 C.D.1990, filed October 5, 1990.

the board, seeking to introduce additional evidence.[4] Employer filed motions to dismiss in both cases, contending that the board was without jurisdiction to grant a rehearing where Commonwealth Court had entered a final order in the case, citing *Rice v. Workmen's Compensation Appeal Board (Rockwell International)*, 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991).

The board denied both petitions, appearing to agree that it lacked jurisdiction, but alternately concluding that because the proffered evidence was available to claimants at the time of the initial hearings, it was not the type of "newly discovered" evidence which would warrant the grant of a rehearing. On appeal from the denial of rehearing, employer again filed motions to dismiss which were ordered to be argued with the merits. Because we now agree that the board was without jurisdiction to consider claimants' petitions, we will grant employer's motions to dismiss.

Section 426 of the Act relevantly provides:

The board, upon petition of any party, and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee. Provided, however, That nothing contained in this section shall limit or restrict the right of the board, or a referee to review, modify, set aside, reinstate, suspend, or terminate, an original or supplemental agreement, or an award in accordance with the provisions of section four hundred thirteen of this article.

4. Jones' petition sought rehearing for the purpose of introducing the testimony of Dr. Joseph H. Bolotin, Jones' treating physician, and Dr. William E. Brown. Frieson's petition requested rehearing to introduce testimony of Dr. Roy E. Kerry as to causation and degree of loss and additional testimony of Mr. Balko on the issue of notice.

Claimants point out that prior to its most recent amendment in 1978, section 426 provided in relevant part that:

'The board, upon petition of any party and upon cause shown, *at any time before the Commonwealth Court, to which an appeal has taken ... shall have taken final action thereon,* may grant a rehearing ... but such rehearing shall not be granted more than eighteen months after the board has made such award, ...' (emphasis added).

Claimants argue that by excluding the above language in the 1978 amendment to section 426, the legislature intended to allow the board to grant rehearing at any time during the eighteen-month period without regard to any final order entered by this court in the interim. We cannot agree.

■■■ It is true that deletion of language in a statute renders such language inoperative and indicates that the legislature had admitted a different intent. *Deremer v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 415, 433 A.2d 926 (1981). Courts should not imply such language where it has been specifically excluded. *Patton v. Republic Steel Corp.,* 342 Pa.Superior Ct. 101, 492 A.2d 411 (1985). Nonetheless, it is also true that in ascertaining legislative intent, we càn presume that the legislature intended the entire statute to be effective and certain. 1 Pa.C.S. § 1922.

The 1978 amendment cited by claimants was in fact a partial repeal, effected by section 2(a) of the Judiciary Act Repealer Act (JARA)[5]. In addition to repealing the explicit language cited above, the section also added the following substantive section:

Whenever the Workmen's Compensation Appeal Board shall grant a rehearing under section 426 of the act during the pendency of judicial review, the board shall file with the reviewing court a certified copy of its order granting such rehearing....

Under the prior version of section 426, the board had discretion to grant rehearing at any time prior to final action by Commonwealth Court on the appeal or eighteen months

**5.** Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a) [995].

from the entry of the board's initial order on the merits, whichever came first. As amended by JARA, the board retains that discretion, but with the additional requirement that if rehearing is granted during the pendency of judicial review, the board must file a certified copy of its order granting rehearing with the reviewing court.

Claimants contend, however, that the removal of the explicit language referring to final orders of Commonwealth Court in effect expands the jurisdiction of the board, now allowing the board to grant rehearings at any time within eighteen months of the board's original order.

A recent en banc opinion of this court addressed this precise situation, albeit hypothetically. In *Rice*, we held that the board may grant rehearing after the expiration of the eighteen months' period so long as the petition for rehearing is timely filed within that period. In so holding, however, Judge Doyle, writing for the court, stated:

> We wish to emphasize, however, that other factors may work to cut off the Board's power to grant rehearing. For example, assume an appeal from the initial determination of the referee is taken to the Board and then to this Court. If this Court renders a decision on the merits, that order is *final* even if a petition for rehearing has been filed with the Board. Our final order would thus operate to cut off the Board's power to grant a rehearing even if the rehearing petition were timely filed. To hold otherwise would, in essence, allow the Board to reverse an order of this Court. Such a result would be inauspicious for sound principles of procedure.

138 Pa.Commonwealth Ct. at 559, n. 2, 588 A.2d at 1013, n. 2.

■ As a general rule, a lower court may no longer proceed in a matter after an appeal is filed. *Grove v. Zoning Hearing Board of Thornbury Township*, 40 Pa.Commonwealth Ct. 47, 397 A.2d 22 (1979). We have applied this same rule to administrative tribunals, absent a specific statutory provision to the contrary. *See Collis v. Zoning Hearing Board of the City of Wilkes–Barre*, 77 Pa.Commonwealth Ct. 4, 9, 465 A.2d

53, 56 (1983); *Rizzo v. Civil Service Commission,* 17 Pa.Commonwealth Ct. 474, 477, n. 1, 333 A.2d 212, 214, n. 1 (1975).[6]

The prior version of section 426 explicitly allowed the board to grant rehearing until the entry of a final order by Commonwealth Court, provided that such order was entered within the eighteen-month period. This language therefore constituted the type of specific statutory provision contemplated in *Collis.* Despite the removal of that explicit language from section 426 as presently written, it is obvious that the board retains the authority to grant jurisdiction pending appeal, as the present section requires the board to give certified notice to the reviewing court if rehearing is granted pending appeal.

■ Significantly, however, the present section 426 does not explicitly authorize the board to grant reconsideration *after* the entry of a final order on appeal. Such authority, if it existed, would operate to restrict the jurisdiction of this court by denying our final order its *res judicata* effect. Acts of the legislature said to limit the jurisdiction of a court must be strictly construed. *See* 1 Pa.C.S. § 1928(b)(7); *Bundy v. Belin,* 501 Pa. 255, 461 A.2d 197 (1983). If the legislature's intent to limit jurisdiction is not clear, we should construe the act in question as imposing no limitation. *In Re Jones & Laughlin Steel Corp.,* 263 Pa.Superior Ct. 378, 398 A.2d 186 (1979), *aff'd,* 488 Pa. 524, 412 A.2d 1099 (1980).

The legislature could have explicitly authorized the board to grant reconsideration at any time during the eighteen-month period, but did not do so. In the absence of such specific authority, we conclude that the entry of a final order by this court within the eighteen-month period for reconsideration

6. We note that Pa.R.A.P. 1701(a) also provides that a lower tribunal may no longer proceed once an appeal has been filed. Pa.R.A.P. 1701(b)(3), however, provides an exception for granting reconsideration of an order if the application is timely filed, and the order expressly granting such reconsideration is filed within the applicable appeal period. Although Pa.R.A.P. 5101 provides that statutes finally enacted prior to January 1, 1981, are suspended to the extent inconsistent with the appellate rules, Pa.R.A.P. 5102(b)(2) specifically saves Section 426 of the Act.

operates to divest the board of jurisdiction to grant reconsideration.[7]

Accordingly, employer's motions to dismiss are granted.

### ORDER

NOW, this 24th day of June, 1992, respondent's motions to dismiss petitions for review are granted and said petitions are hereby dismissed.

7. We recognize that the legislature's choice of the words "pending appeal" and "reviewing court" could be construed as an intent to allow reconsideration by the board at any time within the eighteen-month period during which the case remains on appeal before *any* court, including our Supreme Court and conceivably even the United States Supreme Court. While such a construction is certainly possible, it is far from the explicit language which we believe necessary to limit this court's jurisdiction by allowing the board to reconsider a case following entry of our final order.