645 A.2d 209

William W. JONES, Appellant,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(MIDLAND–ROSS CORPORATION), Appellee.

Dolphus J. FRIESON, Appellant,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(MIDLAND–ROSS CORPORATION), Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 22, 1993.

Decided July 22, 1994.

Thomas W. Kuster, Cusick, Madden, Joyce & McKay, Sharon, for appellants.

W. Allen Dill, Sharon, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## ORDER

PER CURIAM:

Order affirmed.

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, Senior Justice, was an appointed Justice of the Court at the time of argument.*

PAPADAKOS, Justice, dissenting.

This court granted the Petition for Allowance of Appeal because it presented a matter of first impression dealing with issues of significance to the Workmens' Compensation and court systems which seem to have been wrongly decided by the Commonwealth Court.

Following my review of the record and briefs filed in this matter, I believe that the case was wrongly decided by the Commonwealth Court and, further, because significant issues of first impression should be decided by this court, I respectfully dissent to the entry of a per curiam affirmance.

William W. Jones and Dolphus J. Frieson, Appellants, filed hearing loss claims pursuant to Section 306(c) of the Workmen's Compensation Act, 77 P.S. § 513, on January 30, 1985, and May 5, 1986, respectively. At separate hearing before a referee, claimants presented the deposition testimony of John T. Balko, M.A., a certified and licensed audiologist. Midland–Ross Corporation, the employer, presented deposition testimony of Ralph J. Caperosa, M.D.

In both cases, Mr. Balko was of the opinion that claimants had suffered a total loss of hearing for all practical intents and purposes and that the loss was caused by claimants' employment. The referee specifically declined to accept the testimony of Dr. Caperosa, finding it unpersuasive and not credible. Nonetheless, the referee denied benefits, concluding that the testimony of an audiologist, standing alone, was insufficient to establish employment-related hearing loss, citing *Pare v.*

* MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administrative Docket No. 1, filed October 28, 1993.

*Workmen's Compensation Appeal Board (F.S. James & Co., Inc.)*, 97 Pa.Commonwealth Ct. 435, 509 A.2d 1361 (1986), *petition for allowance of appeal denied,* 514 Pa. 622, 521 A.2d 935, (1987).[1]

On November 30, 1989, the Board affirmed the referee in both cases. Claimants then appealed to the Commonwealth Court, which affirmed the Board in separate unpublished memorandum opinions.[2] On June 4, 1991, Appellants filed petitions for rehearing before the Board seeking to introduce additional evidence. The employer filed motions to dismiss in both cases, contending that the Board had no jurisdiction to grant a rehearing where the Commonwealth Court had entered a final order in the case, citing *Rice v. Workmen's Compensation Appeal Board (Rockwell International)*, 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991).

The Board denied both petitions, appearing to agree that it lacked jurisdiction, but alternately concluding that because the proffered evidence was available to petitioners at the time of the initial hearings, it was not the type of "newly discovered" evidence which would warrant the grant of a rehearing. On appeal from the denial of rehearing, employer again filed motions to dismiss which were ordered to be argued with the merits. The Commonwealth Court sustained the motions to dismiss, and did not address the merits.

The following issue was presented to us, and accepted by us for our review:

1. In the *Jones* matter, the referee found that claimant Jones had shown a hearing loss for all practical intents and purposes, but had presented insufficient testimony to establish causation. In the *Frieson* matter, the referee found that claimant Frieson had shown some hearing loss, but concluded that claimant had not presented sufficient competent evidence to establish the degree of the loss and its causation. In addition, the referee found that Frieson had failed to give notice as required by Section 311 of the Act, 77 P.S. § 631.

2. *Frieson v. Workmens' Compensation Appeal Board (Midland–Ross Corporation)*, No. 10 C.D. 1990, filed, August 16, 1990, and *Jones v. Workmens' Compensation Appeal Board (Midland–Ross Corporation*, No. 11 C.D. 1990, filed October 5, 1990.

Whether the three-judge Commonwealth Court panel misinterpreted and misapplied Section 426 of the Pennsylvania Workmens' Compensation Law in granting the respondent's Motion to Dismiss the claimants' Petitions for Review.

We believed that this was an issue of first impression and, I believe, it merits our review. Section 426 of the Pennsylvania Workmens' Compensation Law (77 P.S. Section 871) provides:

"The Board, upon petition of any party, and upon cause shown, may grant a rehearing of any petition upon which the board has made an award of disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but rehearing shall not be granted more than 18 months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee, provided, however, that nothing contained in this section shall limit or restrict the right of the board to review, modify, set aside, reinstate, suspend, or terminate, an original or supplemental agreement, or an award in accordance with the provision of Section 413 of this article."

Prior to amendments enacted in 1978 Section 426 contained the following language:

"The board, upon petition of any party and upon cause shown, *at any time before the Commonwealth Court, to which an appeal has been taken ... shall have taken final action thereon,* may grant a rehearing ... but such rehearing shall not be granted more than eighteen months after the board has made such award, ..." (emphasis added).

It seems to me that the most literal and straightforward interpretation of the 1978 amendments is that the presence of the Commonwealth Court in the proceedings, at any stage, is irrelevant to the Board's jurisdiction to grant rehearings. The only remaining limitation is that the petition be filed within eighteen months of the Board's prior order. In rejecting this argument, the Commonwealth Court concluded that the legis-

lature simply could not have intended this result even though a literal reading of Section 426 supports this conclusion. The Commonwealth Court found it inconceivable that the Board could retain any sort of jurisdiction in a case wherein the Commonwealth Court has entered a final order. While that argument may seem infallible at first glance, when one considers that the legislature giveth jurisdiction to the intermediate appellate courts, it can also take away jurisdiction. It would seem that the Commonwealth Court seeks to protect its turf. The legislature has spoken clearly and it is not for the courts to rewrite the legislation to suit its fancies.

The Commonwealth Court's concern that permitting the Board to grant rehearings after a final order of the court would permit the Board to overrule the court is not well founded. The rehearing is to consider evidence not previously presented and considered by either the Board or the court. In effect, a new case would be heard and decided.

It is suggested that the scheme which a literal reading of Section 426 provides may be inimicable to judicial economy, it may be that the legislature, intentionally or not, has made the goal of judicial economy subservient to other concerns addressed by the Act which is, after all, a remedial Act, intended to make whole those who have been injured at work.

For the foregoing reasons, I dissent and would reverse the Commonwealth Court and remand to the Board for reconsideration of the petition for rehearing on its merits.