**SMITHS IMPLEMENTS, INC. and John Deere Insurance Company,
Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LEONARD),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 1, 1995.

Decided March 25, 1996.

Christopher C. Kain, for Petitioners.

George E. Wenger, Jr., for Respondent.

Before COLINS, President Judge, and PELLEGRINI, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

On December 4, 1995, Employer Smiths Implements, Inc. petitioned for reargument of this Court's order dated November 20, 1995 which affirmed an order of the Workmen's Compensation Appeal Board (Board) denying Employer's petition for a rehearing.

In its petition, Employer called to our attention an earlier opinion and order that had been filed on July 18, 1995 by the Honorable John W. Keller, Senior Judge of this Court and that Judge Keller's order appeared to be in conflict with the November 20, 1995 opinion and order of a three-judge panel [1] of the same court in the same case. Upon consideration of the petition for reargument and the answer thereto filed by Claimant Richard E. Leonard, this Court on January 16, 1996 entered an order denying the petition for reargument, but granting reconsideration. That order also directed that the panel's opinion and order filed November 20, 1995 should be withdrawn.

### Issue

Three issues are before us for reconsideration: (1) whether the order of Judge Keller, denying Claimant's motion to quash Employer's appeal, barred the three-judge panel from further action in this matter, including affirmance of the Board's denial of Employer's motion for rehearing; (2) whether a different prior order of this Court, which quashed an earlier Employer's appeal as untimely, was a final order, therefore precluding the Board from granting a rehearing under Section 426 of the Workers' Compensation Act (Act) [2]; and (3) whether, in any event, the Board abused its discretion when it denied the Employer's motion to reconsider the Board's order awarding benefits.

### Facts

■ On December 28, 1994, the Board affirmed the Workers' Compensation Judge's (WCJ) decision to grant Claimant Richard E. Leonard both specific loss benefits and temporary total disability benefits for a work-related head injury which resulted in a hearing loss, tinnitus and dizziness. Employer filed a timely petition for rehearing with the Board on January 16, 1995. On February 1, 1995, in excess of thirty days after the Board's order, Employer also filed a petition for review with this Court. On March 1, 1995, the Honorable Warren G. Morgan, Senior Judge of this Court quashed Employer's appeal as untimely under Pa.R.A.P. 1512.[3] In an order dated April 27, 1995, the Board denied Employer's petition for rehearing. On May 19, 1995, Employer appealed the Board's order denying a rehearing to this Court.[4] On May 23, 1995, Claimant filed a motion to quash Employer's petition for review. On July 18, 1995, Judge Keller denied Claimant's motion to quash, relying upon *Jones v. Workmen's Compensation Appeal Board (Midland–Ross Corp.)*, 148 Pa. Cmwlth. 593, 612 A.2d 570 (Pa.Cmwlth.1992), *aff'd*, 537 Pa. 553, 645 A.2d 209 (1994).

On November 20, 1995, without knowledge of Judge Keller's order and opinion, a three-judge panel of this Court issued an order affirming the Board's April 27, 1995 order denying a rehearing. On December 4, 1995, Employer filed an application for reargument based on the conflicting holdings from Judge Keller and the three-judge panel. As noted above, upon consideration of Employer's application for reargument and Claimant's answer, we denied reargument but granted reconsideration and withdrew the order and opinion filed on November 20, 1995.

### Discussion

### Judge Keller's Order

■ As a threshold issue, we must consider the effect of Judge Keller's previous order and opinion on the matter before us. In his opinion, Judge Keller addressed the issue of whether Employer's timely petition for review of the Board's denial of its petition for rehearing should be quashed because this

1. *Smiths Implements Inc. and John Deere Insurance Company v. Workmen's Compensation Appeal Board (Leonard)*, 668 A.2d 582 (Pa.Cmwlth. 1995). The original three-judge panel deciding the case consisted of Judge Pellegrini, then Judge (now Justice) Newman and the undersigned. Because of Justice Newman's election to the Supreme Court, President Judge Colins has been assigned to the reconsideration panel in her place.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 871.

3. No. 295 C.D.1995, R.R. 84a.

4. The granting of a rehearing is within the discretion of the Board and we will reverse the Board's decision on a petition for rehearing only for abuse of discretion. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988).

Court quashed Employer's first petition for review for untimely filing. Judge Keller concluded that this Court's order denying the petition for review for untimely filing was not a final order because it did not reach the merits of the case. Therefore, Judge Keller held that the Board was not divested of its jurisdiction to entertain Employer's request for a rehearing. In so concluding, Judge Keller relied upon his interpretation of *Jones v. Workmen's Compensation Appeal Board,* *supra.* Judge Keller denied Claimant's motion to quash and held that Employer's petition for review is limited to a determination of whether the Board abused its discretion in denying the rehearing.

 Rule 123(e) of the Pennsylvania Rules of Appellate Procedure provides that "a single judge of an appellate court may entertain and may grant or deny any request for relief which under these rules may properly be sought by application.... The action of a single judge may be reviewed by the court." Pa.R.A.P. 123(e). A party may seek review of the decision of a single judge by requesting reconsideration by the full court pursuant to Pa.R.A.P. 2541–2547, instead of later when the full court considers the merits of the appeal, *Larocca v. Workmen's Compensation Appeal Board (The Pittsburgh Press),* 140 Pa.Cmwlth. 192, 592 A.2d 757 (1991), *petition for allowance of appeal denied,* 529 Pa. 659, 604 A.2d 251 (1991) thereby avoiding the "law of the case doctrine."[5] This doctrine has traditionally been used where a court has ruled on a question; that same court will normally not reverse that determination upon consideration of another phase of the case. *Hughes v. Pennsylvania State Police,* 152 Pa.Cmwlth. 409, 619 A.2d 390, 392, n. 1 (1992), *petition for allowance of appeal denied,* 536 Pa. 633, 637 A.2d 293 (1993).

 Since Claimant did not seek a panel review of Judge Keller's order by requesting reconsideration, the "law of the case" doc-

trine would normally prevent us from reversing that order unless it was "palpably erroneous" or where, as here, the prior decision of the single judge involves subject matter jurisdiction. *Hughes.* In *Hughes,* we held that "whenever a court discovers that it lacks jurisdiction over the subject matter or the cause of action *it is compelled to dismiss the matter under all circumstances,* even where we erroneously decided the question in a prior ruling." *Id.,* 619 A.2d at 393 (emphasis added). If this Court lacks subject matter jurisdiction over Employer's petition for review, then neither a single judge nor a panel of this court would have jurisdiction to enter an order denying Claimant's motion to quash.

### Effect of the Prior Order Quashing Employer's Appeal

 For the following reasons, we must conclude that we do lack subject matter jurisdiction to review Employer's petition for review of the Board's denial of rehearing.

 Section 426 of the Act provides that the Board, upon petition by any party and upon cause shown, may grant a rehearing when the Board has made an award or disallowance of compensation or other ruling or where the Board has sustained or reversed any action of the workers' compensation judge. The petition for rehearing must be presented not more than eighteen months after the Board has taken final action. 77 P.S. § 871. However, once this Court has entered a "final" order in a case, the Board is divested of jurisdiction and cannot grant a rehearing even within the eighteen month period allowed by the Act. *Jones; Balin v. Workmen's Compensation Appeal Board (Hi–Jop Meats, Inc.),* 40 Pa.Cmwlth. 538, 397 A.2d 876 (1979); *Thomas v. James J. Skelly, Inc.,* 204 Pa.Superior Ct. 166, 203 A.2d 339 (1964).

Employer argues, and Judge Keller held, that the Board is not divested of its jurisdic-

---

**5.** The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power. Thus ... where a prior decision is palpably erroneous, it is competent for the court, not as a matter of right but of grace, to correct it upon a second review where no wrong or injustice will result thereby....

*Reamer's Estate,* 331 Pa. 117, 122–23, 200 A. 35, 37 (1938).

tion to consider a petition for rehearing unless this Court issues a final order *on the merits* of the case. This Court's order quashing Employer's appeal for untimeliness did not address the merits of Employer's appeal. Therefore, Employer argues that a rehearing would not affect the *res judicata* effect of our final order. With due respect to Judge Keller's decision to the same effect, we are compelled to disagree.

In *Jones*, we stated that "the entry of a final order by this court within the eighteen-month period for reconsideration operates to divest the board of jurisdiction to grant reconsideration." *Id.*, 612 A.2d at 573. Although the fact scenario in *Jones* involved an order by this Court on the merits of the case, we did not qualify our holding so as to restrict the Board's jurisdiction over petitions for rehearing only when we issue an order on the merits of a case.

We conclude that the quashing of Employer's appeal is a final order which ended the litigation.[6] Pa.R.A.P. 341 defines a final order as "any order that (1) disposes of all claims or of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subsection (c) of this rule." Pa.R.A.P. 341(b). This Court's earlier order of March 1, 1995, quashing Employer's appeal, disposed of all claims in this matter. If Employer were granted a rehearing, it would be getting a second chance to relitigate the case, even after its final appeal as of right had been denied. If Employer did not prevail before the Board at its second hearing, it would then have another chance to petition this Court for a review of the Board's most recent decision. This is the scenario that our holding in *Jones* intended to avoid. We conclude, therefore, that in workers' compensation cases, "final action" includes dismissal for failure to perfect an appeal. *Balin; Thomas.*

Our order quashing Employer's petition is a final order which divests the

Board of its jurisdiction to entertain a petition for rehearing. 77 P.S. § 871. Once the Board is divested of its jurisdiction to entertain a petition for rehearing, its subsequent decision to deny the rehearing is legally null and void. This Court can have no subject matter jurisdiction over the petition for review of a null and void Board decision. Therefore, Judge Keller's decision is vacated for lack of subject matter jurisdiction and the case will be dismissed.[7]

### Application for Rehearing

Finally, Employer contends that we should find that the Board erred in denying its application for a rehearing, arguing that the Board's "decision to award total disability benefits in addition to specific loss benefits was not supported by any medical evidence whatsoever, let alone on unequivocal medical evidence." (Request for Rehearing R.R. 11a.)

Although we believe that our decision on the first two jurisdictional issues disposes of all of the issues ripe for review here, in the interest of judicial economy, we believe that we should also express our views on whether the Board abused its discretion when it denied Employer's application for rehearing.

It is of course true that a rehearing may be granted by the Board for the purpose of considering additional evidence even if that evidence might have been available through the exercise of due diligence at the time of the original hearing. *Cudo.* However, a rehearing is not allowable simply for the purpose of strengthening weak proofs which have already been presented or for the purpose of hearing additional testimony which is merely cumulative. *Paxos v. Workmen's Compensation Appeal Board (Frankford–Quaker Grocery)*, 158 Pa.Cmwlth. 355, 631 A.2d 826 (1993).

Here, however, Employer has not even requested the right to present any additional evidence; nor does it argue that it was pre-

---

6. *Cf. In re Controller's Annual Report, Year 1972*, 37 Pa.Cmwlth. 580, 390 A.2d 1368 (1978) (order granting motion to quash appeal is final order).

7. "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868).

vented from presenting its evidence to the WCJ. Instead, it merely argues that the Board's opinion did not discuss why it was affirming the WJC's award of disability compensation in addition to his grant of specific loss benefits.

From our independent review of the record, we conclude that there was substantial evidence to support the Board's affirmance of the WJC's findings and conclusions. Dr. Jackson, who was found by the WCJ to be credible, opined that, as a result of a work-related head trauma, Claimant had suffered a permanent loss of hearing in his left ear. This trauma also caused dizziness and tinnitus. Although the dizziness improved after ear surgery, the tinnitus and hearing loss continued. In addition, the WCJ concluded that, in addition to loss of hearing benefits, Claimant was also entitled to total disability benefits at the conclusion of the specific loss payments of seventy weeks, with the disability benefits to continue until such time that the Claimant recovers from the tinnitus and the dizziness related to the injury.

Absent any more specific reasons for the grant of a rehearing, we conclude that the Board did not abuse its discretion in denying the same. *Paxos.*

### Conclusion

For the reasons stated above, we dismiss Employer's petition for review for lack of subject matter jurisdiction.

### *ORDER*

**AND NOW,** this 25th day of March, 1996, the Petition for Review of the order of the Workmen's Compensation Appeal Board dated April 27, 1995 denying a rehearing at No. A93–1618 is hereby dismissed.