Susamma KURIAKOSE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (J.F. KENNEDY HOSPITAL & PMA Group), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 1996.

Decided Sept. 5, 1996.

**1390**

Paul Auerbach, for petitioner.

Patricia A. Mattern, for respondents.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Susamma Kuriakose (Claimant) appeals an order of the Workmen's Compensation Appeal Board, which vacated a prior order of the Board granting Claimant a rehearing.

On February 25, 1991, Claimant sustained an injury to her back in the course of her employment as a registered nurse for John F. Kennedy Hospital (Employer). Employer issued a notice of compensation denial on April 4, 1991, and Claimant filed a claim petition and requested an award of attorney's fees and penalties. A hearing was conducted by a workers' compensation judge (WCJ), but, during the proceedings, Employer accepted liability for the injury and issued a notice of compensation payable on December 18, 1991.

While the question of Employer's liability for Claimant's injury was settled, the issue of attorney's fees and penalties continued to be litigated by the parties. On February 2, 1994, the WCJ determined that Employer unreasonably contested Claimant's injury and unduly delayed the issuance of the notice of compensation denial, and, accordingly, awarded Claimant attorney's fees and a 20% penalty. However, the WCJ further found that Employer's unreasonable contest ended on December 18, 1991, when the notice of compensation payable was issued. Thus, attorney's fees were limited to work performed prior to that date, and the penalty was calculated on benefits wrongfully withheld prior to that date. Claimant appealed to the Board, which affirmed the WCJ's decision.

Claimant appealed the Board's order to this Court and filed a petition for rehearing with the Board.[1] On September 11, 1995, this Court issued an order affirming the decision of the Board. *Kuriakose v. Workmen's Compensation Appeal Board (John F. Kennedy Hospital)* (Pa.Cmwlth., 246 C.D.1995, filed September 11, 1995), *petition for allowance of appeal denied,* 544 Pa. 616, 674 A.2d

---

1. Claimant's petition for rehearing alleged that the WCJ erred in limiting attorney's fees and penalties to the period before the notice of compensation payable was issued, because, Claimant alleged, Employer did not pay Claimant all compensation owed until September of 1992. Thus, Claimant sought to have fees and penalties extended to September of 1992.

1077 (1996). On September, 12, 1995, the day following this Court's order affirming the WCJ.'s decision, the Board issued an order granting Claimant's petition for a rehearing. Employer, thereafter, filed a motion with the Board to dismiss Claimant's petition for a rehearing, asserting that this Court's September 11, 1995 decision divested the Board of jurisdiction to rehear the case. The Board agreed with Employer, and issued an order on March 26, 1996, vacating its September 12, 1995 order. Claimant has appealed the March 26, 1996 order of the Board.

 Claimant contends that, considering the humanitarian and remedial purpose of workers' compensation, this Court is empowered to permit the Board to conduct a rehearing to correct "factual misunderstandings" that limited her award of attorney's fees and penalties, and relies upon Section 426 of the Workers' Compensation Act (Act),[2] which provides in pertinent part:

> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee. . . .

While the Board has broad authority under Section 426 of the Act to grant a rehearing, *Izzi v. Workmen's Compensation Appeal Board (Century Graphics)*, 654 A.2d 176 (Pa. Cmwlth.1995), that authority is divested in the event that this Court issues a final order in the same case.

In *Rice v. Workmen's Compensation Appeal Board (Rockwell International Corp.)*, 138 Pa.Cmwlth. 555, 588 A.2d 1011 (1991), a case involving the timeliness of a decision of the Board to grant or deny a rehearing, we explained that

> [i]f this Court renders a decision on the merits, that order is *final* even if a petition

for rehearing has been filed with the Board. Our final order would thus operate to cut off the Board's power to grant a rehearing even if the rehearing petition were timely filed. To hold otherwise would, in essence, allow the Board to reverse an order of this Court. Such a result would be inauspicious for sound principles of procedure.

*Id.,* 588 A.2d at 1013, n. 2 (emphasis in original). Thereafter, we squarely confronted the question of whether a final order of this Court cuts off the Board's power to grant a rehearing in *Jones v. Workmen's Compensation Appeal Board (Midland–Ross Corp.)*, 148 Pa.Cmwlth. 593, 612 A.2d 570 (1992), *aff'd,* 537 Pa. 553, 645 A.2d 209 (1994). In *Jones,* relying, in part, on *Rice,* we expressly held that the entry of a final order by this Court divests the Board of jurisdiction to grant a petition for rehearing. We recognized in *Jones* that allowing the Board to act after this Court had entered a final order would restrict our jurisdiction by denying a final order of this Court its res judicata effect.

In the present case, this Court issued a final order affirming the Board on September 11, 1995, one day before the Board granted Claimant a rehearing. Therefore, following *Jones,* we hold that the Board properly determined that this Court's September 11, 1995 decision in *Kuriakose* divested it of jurisdiction to grant Claimant's application for rehearing.

Claimant argues that, in accord with the Act's remedial purpose, we should adopt a broad view of the term "final order" and construe the September 11, 1995 order of this Court as not being final until the time for reargument has passed and the Supreme Court either decides the case or refuses allocatur.[3]

 When this Court enters an order deciding an appeal, that order is final. *Rice.*

---

2. Act of June 2, 1915, P.L.736, *as amended,* 77 P.S. § 871.

3. We note that this Court denied reargument in *Kuriakose* on October 26, 1995; the Supreme Court denied allocatur on March 29, 1996.

Such an order remains final until it is reversed by the Supreme Court, *Helmig v. Rockwell Manufacturing Co.*, 389 Pa. 21, 131 A.2d 622, *cert. denied,* 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957), and the finality of an order of this Court is not affected merely because an application for reargument is pending. Hence, this Court's September 11, 1995 order in *Kuriakose* is a final order and we decline to characterize it as interlocutory to avoid *Jones* and allow the Board to rehear this matter.[4]

Claimant also asserts that the merits underlying our September 11, 1995 order and the issue on rehearing are not precisely the same; thus, the Board can hear the case without overruling this Court's order. We, however, decided in *Smiths Implements, Inc. v. Workmen's Compensation Appeal Board (Leonard),* 673 A.2d 1039 (Pa.Cmwlth.1996), that even where we issue an order that decides a case on a ground other than the merits, the Board is nonetheless divested of jurisdiction to entertain a petition for rehearing. Therefore, Claimant's argument must fail.

Accordingly, the Board's order is affirmed.

### ORDER

NOW, September 5, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

4. Claimant also argues that a broad definition of final order is required here, because the Board's delay and inefficiency in deciding whether to grant her petition for rehearing, which resulted in this Court deciding the case one day before the Board, deprived her of benefits. We disagree. The Board's speed in deciding the petition for rehearing has no impact on the finality of an order entered by this Court. Moreover, the record does not indicate that the Board was dilatory or inefficient at all. The Board issued its initial decision on January 10, 1995 and granted Claimant a rehearing on September 12, 1995, approximately 9 months later. Considering that Section 426 of the Act gives the Board 18 months to grant such a petition, in our view, the Board acted rather promptly in granting the petition. The fact that this Court acted more promptly is, of course, not without consequence, but this Court cannot purposely delay its decision-making process to accommodate a litigant.