

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2007

# Bass v. Butler

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bass v. Butler" (2007). *2007 Decisions*. Paper 1679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-1037

———————

DIANNE L. BASS, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED

v.

JOHNNY BUTLER, SECRETARY OF LABOR AND
INDUSTRY FOR THE COMMONWEALTH OF
PENNSYLVANIA; *RICHARD THOMPSON, DIRECTOR
OF THE PENNSYLVANIA BUREAU OF WORKERS'
COMPENSATION; COMMONWEALTH OF PENNSYLVANIA,
*THROUGH THOMAS W. CORBETT, ATTORNEY GENERAL,
IN HIS OFFICIAL CAPACITY

Dianne L. Bass, individually and as
a class representative,
Appellant

*Pursuant to Rule 43(c), F.R.A.P.

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 98-cv-04112)
District Judge:  Hon. Michael M. Baylson

———————

Argued January 17, 2007

BEFORE:  McKEE, AMBRO and STAPLETON,
Circuit Judges

(Opinion Filed February 5, 2007)

Ronald J. Smolow (Argued)
Michael H. Landis
Smolow & Landis
204 Two Neshaminy Interplex
Trevose, PA  19053
  Attorneys for Appellant

Claudia M. Tesoro (Argued)
Office of the Attorney General of Pennsylvania
21 South 12th Street
Philadelphia, PA  19107
  Attorney for Appellees

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Dianne Bass brought this federal action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of a Pennsylvania statute that permits the resolution of workers' compensation claims by administrative judges who did not hear the testimony presented in the case.  The District Court entered summary judgment against Bass on res judicata grounds, and she thereafter filed this timely appeal.  Because this action does not present a live case or controversy, we will vacate the District Court's judgment and remand with directions to enter an order dismissing the case for lack of jurisdiction.

I.

Because we write only for the parties, who are already familiar with the facts and procedural history of this case, we will not restate the facts and procedural history except as necessary for our analysis.[1] Bass's § 1983 action arises from the denial of a workers' compensation claim that she filed with the Pennsylvania Bureau of Workers' Compensation ("Bureau") in 1992. The Workers' Compensation Judge ("WCJ") initially assigned to Bass's case heard testimony from several witnesses, but left the Bureau before issuing a final decision. Pursuant to Section 415 of the Pennsylvania Workers' Compensation Act,[2] Bass's case was reassigned to, and decided by, two WCJs who had not been present for the live testimony. After the Workers' Compensation Appeal Board ("WCAB") affirmed the decision, Bass filed a petition for review with the Commonwealth Court of Pennsylvania. While Bass's appeal was pending before the Commonwealth Court, she commenced this action in the District Court.

---

[1]More in-depth accounts of the facts and procedural history can be found in our previous decisions in this case. *See Bass v. Butler*, 116 Fed. Appx. 376 (3d Cir. Nov. 30, 2004); *Bass v. Butler*, 258 F.3d 176 (3d Cir. 2001).

[2]Section 415 provides in full as follows:

> At any time before an award or disallowance of compensation or order has been made by a referee [i.e., a WCJ] to whom a petition has been assigned, the department may order such petition heard before any other referee. Unless the department shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the substituted referee.

77 Pa. Cons. Stat. §851.

3

Bass's federal complaint asserts that Section 415 is unconstitutional on its face, and as applied in her workers' compensation case, because it allows WCJs to make credibility determinations without having heard the testimony presented in the case. Bass further contends that the application of Section 415 in her case violated due process because she did not receive notice of the change of WCJs or have the opportunity to object. Bass seeks declaratory and injunctive relief, but not damages, against the Commonwealth of Pennsylvania; the Secretary of the Pennsylvania Department of Labor and Industry; and the Executive Director of the Pennsylvania Bureau of Workers' Compensation.

On a prior appeal, we affirmed the District Court's dismissal of Bass's as applied challenge for want of jurisdiction under the *Rooker-Feldman* doctrine, reversed the District Court's finding that Bass's facial claim was barred by *Rooker-Feldman*, and remanded the case to allow the District Court to consider in the first instance other threshold issues raised by the defendants. *See Bass v. Butler*, 116 Fed. Appx. 376 (3d Cir. Nov. 30, 2004).

On remand, the defendants challenged Bass's constitutional standing to pursue her facial claim. The defendants alternatively argued that Bass's facial claim was barred by res judicata because she could have raised this claim on her workers' compensation appeal, which had by then been finally adjudicated in the state courts, and that, in any event, her claim lacked merit. The District Court rejected the defendants' standing argument, but found that Bass's facial claim was barred by res judicata. The District

4

Court alternatively concluded that, even if Bass's claim was not barred by res judicata, she could not prevail on the merits because Section 415 is facially constitutional.

The District Court also declined Bass's invitation to reconsider whether her as applied claim was barred by the *Rooker-Feldman* doctrine in light of the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), which was handed down after our decision affirming the dismissal of Bass's as applied claim on *Rooker-Feldman* grounds. *See id.* at 284 (clarifying that the scope of the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). We assume, for purposes of this appeal, that Bass's as applied claim would not be barred by *Rooker-Feldman* in view of the Supreme Court's pronouncements in *Exxon Mobil*.

II.

Although the defendants have not reasserted their challenge to the justiciability of this case on appeal, we are obligated to consider this issue because it implicates our Article III jurisdiction. *See Chong v. District Director*, 264 F.3d 378, 383 (3d Cir. 2001). The justiciability doctrines of standing and mootness inform our jurisdictional analysis in this case.

Standing inquires whether "someone is the proper party to bring a lawsuit at the beginning of the case." *Artway v. Attorney Gen. of N.J.*, 81 F.3d 1235, 1246 (3d Cir. 1996). "The three elements necessary to establish the irreducible constitutional minimum

5

of standing are: (1) the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (citing *United States v. Hays*, 515 U.S. 737, 742-43 (1995)).

Mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *Rosetti v. Shalala*, 12 F.3d 1216, 1224 n.19 (3d Cir. 1993) (citation omitted). "A central question in determining mootness is whether a change in the circumstances since the beginning of the litigation precludes any occasion for meaningful relief." *Surrick v. Killion*, 449 F.3d 520, 526 (3d Cir. 2006) (citation omitted). While a request for damages will generally save a case from becoming moot when equitable relief no longer provides an effective remedy, courts will not read a claim for damages into a complaint that contains no such request. *See, e.g.*, *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1097 (9th Cir. 2001) (concluding that case was moot where appellant sought only injunctive and declaratory relief; "We will not second guess [the appellant's] tactical decisions and now conjure up a damages claim where none exists" in the complaint) (citing *Harris v. City of Houston*, 151 F.3d 186, 191 (5th Cir. 1998)).

6

III.

Bass no doubt had standing at the outset of this litigation to pursue her facial and as applied challenges to Section 415. Bass's complaint seeks a declaration that Section 415 is unconstitutional and an injunction prohibiting the enforcement of the statute, as well as an order directing the defendants to grant her a new hearing in her workers' compensation case, which was still pending in the state system at the time she filed her federal complaint. This relief would have redressed the allegedly unconstitutional procedures employed during Bass's initial workers' compensation proceeding by entitling her to a new workers' compensation hearing in which Section 415 would not be applied.

Since the filing of this case, however, Bass's workers' compensation case has run the full course of the state judicial system and is now closed by a final judgment of the Commonwealth Court. We are unaware of, and the parties have not directed us to, any source of Pennsylvania law that would authorize the defendants here to grant a new hearing in a workers' compensation proceeding that has been finally adjudicated in the state courts.[3] The availability of a new hearing in Bass's workers' compensation case was

_____

[3] Section 426 of the Pennsylvania Workers' Compensation Act provides that the WCAB, "upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a [WCJ]," but the petition for rehearing must be filed within 18 months after the WCAB's decision and in no event may be granted after entry of a final order by the Commonwealth Court on appeal. 77 Pa. Cons. Stat. § 871; *Graves v. W.C.A.B.*, 680 A.2d 49, 50 n.2 (Pa. Commw. Ct. 1996); *Rice v. W.C.A.B.*, 588 A.2d 1011, 1013 (Pa. Commw. Ct. 1991). Section 426 provides no recourse here because well over eighteen months have passed since the WCAB issued its decision, and the Commonwealth Court has entered final

7

contingent upon the continued pendency of that case in the state system. Upon final adjudication of her workers' compensation case in the state courts, Bass's request for a new hearing became moot. Likewise, Bass's requests for a declaration that Section 415 is unconstitutional and an injunction prohibiting its enforcement were rendered moot by the final adjudication of her workers' compensation case in the state system. This relief is prospective in nature and could not possibly redress a due process violation that occurred in a prior proceeding that is now closed.

The Supreme Court has long recognized an exception to the general mootness rule for wrongs that are "capable of repetition, yet evading review." *See Roe v. Wade*, 410 U.S. 113 (1973). One of the prerequisites for the application of this exception is that "there is a reasonable likelihood that [the plaintiff will] be subjected to the same action again." *Belitskus v. Pizzingrilli*, 343 F.3d 632, 648 (3d Cir. 2003) (citation omitted); *see also N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 33 (3d Cir. 1985) (noting that "'[c]apable of repetition,' is not a synonym for 'mere speculation'"). Bass does not currently have a workers' compensation case pending, and barring the fortuity of a new workplace injury, she will have no occasion to bring another workers' compensation case in the future. Even if Bass were to file a new claim before the Bureau, it is highly unlikely that the substitution of testimony provision of Section 415 would be invoked in the course of those proceedings. By its terms, the substitution of testimony

---

judgment on Bass's appeal of that decision.

provision only comes into play where a WCJ is reassigned a case after testimony has been taken but before a final decision has been issued, a scenario which Bass concedes arises in "only a small percentage of cases." Appellant Br. at 48. We therefore conclude that the "capable of repetition, yet evading review" exception to general mootness is not applicable here.[4]

## IV.

For the foregoing reasons, we conclude that Bass's facial and as applied challenges to Section 415 were rendered moot by the final adjudication of her workers' compensation case in the state courts, which occurred prior to the District Court's entry of the judgment from which Bass appeals. The District Court, therefore, lacked Article III jurisdiction over this case at the time it entered judgment. We will vacate the District Court's judgment and remand with directions to enter an order of dismissal for want of jurisdiction.

---

[4]Mootness contains three other major exceptions: (1) wrongs that have collateral consequences; (2) wrongs that are voluntarily ceased but could resume; and (3) wrongs to a class that continue though those to the named plaintiff do not. *Artway*, 81 F.3d at 1246 n.6. None of these exceptions is applicable in this case. The collateral consequences exception is a "narrow" exception to the general mootness rule, most commonly invoked where a former prisoner demonstrates that he will suffer serious collateral consequences if his conviction is allowed to stand. *See DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005). Whatever the scope of the collateral consequences exception outside the criminal context, we see no basis for applying it in this case. While Bass's federal complaint was styled as a class action, no class was ever certified, and thus the class action exception to mootness does not apply here. *See Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) ("[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required.") (citation omitted). Finally, the voluntary cessation exception plainly has no application to this case.