# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jai Hernandez, a/k/a      :
Jesus A. Rosario-Vera,     :
       Petitioner   :
             :
   v.       :  No. 1140 C.D. 2023
             :
Department of Corrections    :
(Office of Open Records),    :
      Respondent : Submitted: September 9, 2024

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE STACY WALLACE, Judge
      HONORABLE MATTHEW S. WOLF, Judge

## <u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE WOLF          FILED: November 18, 2024

   Jai Hernandez (Requester) petitions for review of a final determination of the Office of Open Records (OOR) dated September 27, 2023, that dismissed his appeal as premature. We affirm.

   Requester is an inmate at the State Correctional Institution at Camp Hill (SCI Camp Hill). Requester submitted a Right-to-Know Law (RTKL)[1] request dated August 16, 2023, to the Pennsylvania Department of Corrections (Department) seeking "a valid detainer from Orange County Florida" (Request). Certified Record (C.R.) at 10.[2] The Department received Requester's Request on August 22, 2023,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] The citations to the Certified Record reflect electronic pagination.

and on August 23, 2023, issued an interim response letter extending the Department's response deadline to September 28, 2023. *Id.* at 34. On August 29, 2023, Requester filed an appeal to the OOR "from the deemed denial request dated[] August 23, 2023" alleging "[t]he request exceeded the (5) five-day statute of limitations to answer pursuant to the [RTKL]". *Id.* at 7.

On September 14, 2023, the Department submitted a position statement to the OOR asserting that Requester's appeal is premature as it was filed in advance of the Department's September 28, 2023 response deadline. C.R. at 30-36. The Department attached a declaration of Mandy Han, the Department's Deputy Agency Open Records Officer. C.R. at 36. Therein, Ms. Han attested:

> 4. On August 22, 2023, the Department received an RTKL from [Requester] which was internally docketed as RTKL #0846-23 and sought access to a "valid detainer from Orange County, Florida." [].
>
> 5. In response to [Requester's] RTKL Request, I drafted and mailed to him on behalf of the Department an interim response letter, dated August 23, 2023, explaining that a legal review is necessary to determine whether the record(s) requested are subject to access under the RTKL and extending the final response date to September 28, 2023.

*Id.*

On September 27, 2023, the OOR issued a final determination dismissing Requester's RTKL appeal as premature. C.R. at 38-40. The OOR explained:

> Section 901 of the RTKL provides that the time for response to a request "shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send

2

the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied." 65 P.S. § 67.901. Further, Section 902 allows a Commonwealth agency to invoke a thirty calendar day extension in which to respond. The notice of the extension must be sent to the requester within five business days of receipt of the request. 65 P.S. § 67.902; *Commonwealth v. Office of Open Records*, 103 A.3d 1276, 1288 (Pa. 2014) (the five business days begins to run upon receipt by the agency's open records officer.)

Here, the [Department] submitted the Han Attestation, which states that the Request was received by the Deputy Agency Open Records Officer on August 22, 2023. Han Attestation ¶ 4. The Han Attestation further provides that on August 23, 2023, the [Department] extended the time in which to respond. Id. ¶ 5. Under the extension, the DOC had five business days, followed by thirty calendar days from August 22, 2023, to respond to the Request. 65 P.S. § 67.902(b)(2). As a result, the DOC has until September 28, 2023, to timely respond to the Request. Because the Requester filed the appeal on September 14, 2023, the appeal must be dismissed as premature. Upon receiving a final response from the DOC or the Request being deemed denied, the Requester may file a new appeal with the OOR pursuant to the requirements of 65 P.S. § 67.1101(a).

*Id.* at 39 (internal footnotes omitted).

Requester petitioned this Court for review. In his amended petition for review, Requester objects to the OOR's Final Determination on the basis that the Department's interim response letter dated August 23, 2023, exceeded the time to respond to the Request by one day, and thus he had an automatic right to appeal a deemed denial. Amended Petition for Review ¶ 9. Requester also complained of inmate mail delays at SCI Camp Hill. *Id.* In his brief, however, Requester abandons these arguments, and instead raises three issues relating to the validity of the Orange

County, Florida detainer, the subject of his RTKL Request.[3] In his brief, Requester only summarily argues that the Department should have received his Request on August 18, 2023 and further complains of delays within SCI Camp Hill's internal mailing system. Requester's Brief at 10 ¶¶ 3, 4.

In its brief, the Department argues that Requester conflates issues surrounding the validity of the Orange County, Florida detainer with the simple merits of the instant RTKL appeal. It argues that the OOR correctly concluded that Requester's appeal was premature, as the Department timely invoked an extension pursuant to Sections 901 and 902 of the RTKL. 65 P.S. §§ 67.901, 67.902. Because the Department complied with these statutory time periods, there was no deemed denial from which Requester could appeal. Thus, Requester's August 29, 2023 appeal to the OOR, submitted well in advance of the Department's properly extended response deadline, was premature and correctly dismissed.

At the outset, we agree with the Department that the issues raised in Requester's statement of questions presented relating to the validity of the Orange County, Florida, detainer are outside the scope of the instant RTKL appeal. To the

---

[3] The Statement of Questions Involved in Requester's Brief provides:

I. Whether Orange County Florida has a valid detainer as represented by the [Department] for [Requester]?

II. Whether the Current detainer is invalid for violation of the constitution for exceeding the statute of limitations and shall be quashed with prejudice?

III. Whether [Requester's] civil rights have been violated and is [*sic*] entitled to civil penalties for the cause of harm and injuries to [Requester's] civil rights and immunities that is unreasonable, absurd, or impossible of prosecution.

Requester's Brief at 8.

extent Requester has preserved a challenge to the OOR's conclusion that his appeal was premature, we also find that argument without merit.[4]

As explained by the OOR in its Final Determination, Section 901 of the RTKL provides that an agency shall respond to a request no later than five business days from the date the written request is received by the open-records officer. 65 P.S. § 67.901. Section 902 permits an agency to invoke a 30-day extension of time within five business days from the date of receipt of the request. 65 P.S. § 67.902(b). Only if no response is provided, or no extension is invoked, is the request for access deemed denied. *Id.*

Here, Ms. Han attested that she received Requester's Request on August 22, 2023, and issued notice to Requester that the Department was invoking a Section 902 extension the following day. 65 P.S. § 67.902; C.R. at 34. Contrary to Requester's contention in his amended petition for review, it is the date of the open-record officer's *receipt* of the Request that triggers the five-business-day response period for purposes of Section 901, not the date the request was sent. Here, Ms. Han provided notice of the extension one day following her receipt of the

---

[4] Pennsylvania Rule of Appellate Procedure 2116(a) provides:

> (a) General rule. The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.

Pa.R.A.P. 2116(a). Requester failed to include any issue challenge the OOR's conclusion that his appeal was premature in his statement of questions presented. Nevertheless, this Court will exercise its discretion and consider the issue as it appears in Requester's amended petition for review and was addressed by the Department in its brief. *See Izzi v. Workers' Comp. Appeal Bd. (Century Graphics)*, 654 A.2d 176, 178 n.3 (Pa. Cmwlth. 1995) (exercising discretion to consider an issue not included in the party's statement of questions presented).

5

Request; thus, there was no deemed denial from which Requester could appeal. Accordingly, we affirm the OOR's Final Determination dismissing Requester's appeal as premature.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jai Hernandez, a/k/a                      :
Jesus A. Rosario-Vera,                    :
                    Petitioner     :
                                           :
        v.                      :   No. 1140 C.D. 2023
                                           :
Department of Corrections                 :
(Office of Open Records),                 :
                    Respondent     :

## **O R D E R**

AND NOW, this 18th day of November, 2024, the Final Determination of the Office of Open Records dated September 27, 2023 is AFFIRMED.

 

_____
MATTHEW S. WOLF, Judge